PER CURIAM.
This is an appeal from multiple convictions for securities fraud. We affirm in part and reverse in part.
Although we reject appellant’s claim that the trial court erred in failing to direct a verdict of acquittal, we reverse appellant’s conviction of organized fraud as alleged in Count I of the information because we find that the trial court erroneously permitted the state, over the objection of the appellant, to introduce evidence concerning alleged victims and transactions not alleged in the information. Some of these transactions involved persons not alleged as victims in the information and occurred at times before the organized fraud statute even existed. In addition to being irrelevant to the charges actually filed, the admission of this evidence appears also to have been a violation of the constitutional prohibitions against double jeopardy and ex post facto laws. Cf. Raulerson v. State, 358 So.2d 826 (Fla.1978), cert. denied, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978) and United States v. Hall, 632 F.2d 500 (5th Cir.1980). We reject the state’s late claim, expressly not relied on in the trial court, that this evidence was admissible under the provisions of section 90.404, Florida Statutes (1981), providing for the admission of evidence of other crimes having a similar factual pattern. Because of the erroneous admission of this evidence appellant is entitled to a new trial as to Count I.
We affirm appellant’s other convictions and reject his claims as to the insufficiency of the evidence to prove a security fraud as to the alleged victims involved and also his claim of error as to the trial court’s rulings related to the prosecutor’s closing argument.
Accordingly, we affirm in part and reverse in part and remand this cause for further proceedings in accord herewith.
ANSTEAD, C.J., and GLICKSTEIN and WALDEN, JJ., concur.